Good morning, this is Aaron Morrison for Petitioner. I'd like to reserve two minutes for rebuttal. In this case, your honors, the immigration judge denied the petitioner's application for adjustment of status and also found that he could not qualify for a waiver of inadmissibility under 212H. The Board of Immigration Appeals in two decisions affirmed the IJ, and in doing so, they applied an incorrect legal standard with respect to whether the petitioner qualified for 212H relief. Given that, the wrong... standard, they did apply on the 212H issue. Isn't that confusing? Right. Yeah, it's... I mean, and that's a problem, too. If it's inconclusive as to what standard they applied, then the court should remand it. But our position is that the record with respect to the immigration judge's decision at AR 125 and 126 demonstrates that the judge, the immigration judge, applied a clearly and beyond doubt standard with respect to the 212H decision and that... the 212H application, and that was an erroneous application of law. Our position is that a preponderance of the evidence standard applied. That's clear based on decisions by the Board of Immigration Appeals, and it's also clear based on decisions by this court. With respect to the BIA's 2015 decision... Well, let's... let me hold you for just a moment because... Sure. I find these distinctions to be rather slippery. The... as I understand your position, it's that the question of eligibility for the 212H waiver of inadmissibility issue is to be determined by a preponderance. Is that right? That's correct. Okay. And what is your position on what the BIA decision went on? I take it you just said clearly and beyond the doubt. Yes. Well, in their 2015 decision, they basically endorsed the immigration judge's decision, which in turn adopted the clearly and beyond doubt standard. There's no reference to the regulation at HCFR 1240.8, subsection D, which states that applications for release, the burden is on the applicant to establish eligibility by a preponderance of the evidence. That was not referenced at all in the 2015 BIA decision, nor was it referenced in the immigration judge's decision. And in fact, this court remanded the matter back to the BIA to consider the argument that petitioner raised on their initial appeal to the BIA that the wrong standard was applied. And the 2017 decision by the BIA, that is the second one from which we're appealing now, did little to clear this problem up. Instead of applying the appropriate standard or alternatively remanding the case back to the immigration judge to apply the correct legal standard, they just said, well, we did. We got it right the first time. And because we didn't say anything, you should assume that we did apply the law. It's a very confusing decision. But our position is that it did not share the defects from the prior decision. It merely... I want you to continue, but let me put a finer point on it. Your position, in fact, is that it may be confusing, but at the end of the analysis, you believe they applied the BIA clearly and beyond the doubt standard when they should. That's it, right? That's correct. Go ahead. That's correct. And, you know, this case really involved the relationship between the clear and beyond doubt standard, which is found at 1229A, subsection C2A, which applies to applicants for adjustment of status, applicants for admission. The law says that an applicant for adjustment of status is assimilated to a position of one seeking admission, even if they're in the United States. Now, if they're not able to prove that they're admissible under that standard, that doesn't mean they can't qualify for release. It means that they can potentially still qualify with a waiver of inadmissibility. And that waiver of inadmissibility is subject to a preponderance of the evidence standard. And in this case, both the IJ and the BIA conflated those standards and collapsed it into the beyond reasonable doubt standard. And for that, you may be right on that. While all of this has been happening, sir, up and down and up and down, and you're really asking for us to send it down. What's been happening with your client? Is he detained? Is he out? Oh, no. He's been released. He was released with a bond in 2013. So he's working. He's supporting his family. You know, he's been in this country since he was a minor. And in fact, the immigration judge in this case said that he would have granted relief as a matter of discretion, notwithstanding the criminal history and the mistakes that the petitioners made in the past. So he's doing very well. And, you know, this is the only impediment to him obtaining relief and being able to stay here with legal status. Is there anything in the record subsequent to 2013 in regard to his wife's mental health, or does it end in 2013 in terms of the facts? Yeah, that, no, we haven't submitted additional evidence, you know, regarding her psychological condition. I mean, it remains the same. She's bipolar. And it's quite a debilitating condition. And no, we, you know, it's really not relevant to the determination here as to whether or not he qualifies for the 212H waiver, at least statutorily. But yeah, so it ends at 2013 as far as her condition is concerned. Counsel, can I ask you, so on the 2017 BIA decision that we're reviewing now that went back to the Supreme Court, there's some questions about, I mean, number one, he said, or the BIA said that the IJ and the BIA clear, applied the preponderance standard in the 2015 proceedings. I take it you're contesting that and saying that that's not true. That's correct. Okay. We do have issue with that. Yeah. And we'll ask the government about that. But at page four, so that's their first rationale. Then they get into addressing the issue that we previously sent back on remand. But the second to last paragraph of the BIA decision at page four says, in this instance, the written declaration the respondent submitted to the immigration judge, claiming that he first used marijuana when he was 16, not 18, did not satisfy the preponderance of the evidence burden of production specified in section 1240.8D because it was in direct conflict with his testimony and of dubious credibility. Why isn't that enough to suggest or support that ultimately what the BIA found was that even under the preponderance of the evidence standard that IJ's factual findings wouldn't have supported that? Well, I understand the question. I think the problem is the rest of the decision suggests that what they're saying is we applied it right the first time in 2015 and I agree with you. But I mean, we can affirm, they sort of have two different, they have two alternative theories, which I don't know if you heard the argument in the other case, but that's potentially one of the problems in the other case. But in this case, they seem to have two alternative theories that, number one, we did it right the first time and, number two, just for clarification, it's still, you know, the IJ made this factual finding that the declaration was not credible and given that fact, it doesn't meet the preponderance of the evidence standard. I understand, I mean, I think your argument is that's not the full paragraph, that's the first sentence, and they sort of muddy the waters as they go through the rest of the paragraph. But if we're just looking at that first sentence, why can't we just say that's enough here? He said that it met the preponderance standard and that's the end of it. Well, I think for us to reach that conclusion, they would have had to have proceeded that with a discussion where they're saying, okay, in 2015, we didn't apply the right standard, we're going to do so now. And then they could analyze the case and then just say, so the record is clear, we're going to find under a preponderance of the evidence standard. But that's not what they do. And the fact that we're left to speculate as to what's in their head at this point is problematic. And I think also, we also argued in the brief that the immigration judge didn't consider the evidence that was attached with the petitioner's affidavit, but yet the BIA did. And I think that's problematic as well. They can't make factual findings on appeal like that. And when you combine that with the fact... If I can follow up on Judge Nelson's question, I mean, in the IJ opinion, you know, the IJ says, you know, no waiver under 212H is available because he testified to multiple marijuana possessions and uses Section 212H waives only a single marijuana offense. And earlier, IJ found his testimony to be not credible. So, I mean, given that, I mean, which appears to be factual findings based on credibility, I mean, isn't a fair way to read BIA's opinion is he basically admitted to it, the factual finding. It doesn't even matter what standard review you use. It's there. He admitted to it, multiple marijuana uses. Your Honor, I understand. I just think that, I mean, that's certainly one potential way of reading and interpreting the decision, but we're still, in my view, straining to come to that conclusion. And I think the fact that we're all somewhat, you know, scratching our heads and trying to figure out what was in the heads of the BIA is an indication that they didn't clearly announce what standard they're using, leaving us to speculate. And I think because of that, the Court should remand it back to the BIA, and I think it should go back to the immigration judge. So, you know, that's our position. Do you want to reserve time for rebuttal? Yes. Thank you, Your Honor. Thank you. Mr. Cochran. Good afternoon. May it please the Court, Todd Cochran, on behalf of the Attorney General. As a result of his admitted drug use, Mr. Gonzalez failed to satisfy the requisite two steps he needed, each with a distinct burden, in order to successfully adjust his status. First, after being admitted as a non-immigrant visitor for a six-month period of time, beginning in 1995, Mr. Gonzalez showed the burden to establish that he was clearly, and beyond doubt, not inadmissible to the United States for permanent residence. But because he admitted in open court that he had possessed marijuana on multiple occasions, while he had counsel, and after acknowledging his understanding of the elements of the federal offense of marijuana possession, he failed to carry the burden to show that he was clearly, and beyond doubt, not inadmissible. Secondly, because a mandatory ground of inadmissibility... Can we just back up there? Because I don't think that is really in dispute, right? Hasn't he... I mean, both parties agree in this case that preponderance is the appropriate standard. And he's basically just asking... Because he's asking for a waiver, right? Correct, yes. I was just trying to lay out... Because as Judge Stein mentioned, it's kind of slippery, so I'm just trying to lay out for everybody, but I'm happy to move forward, Your Honor. The second burden does apply because a mandatory ground of inadmissibility looks like it may apply to drug use. He then needs, and he has multiple uses of marijuana, admitted uses, he needs the 212 waiver. And for that situation, the 8 CFR 1240.8D applies, and that's preponderance of the evidence. And here the government contends that he can't show by preponderance of the evidence for the reasons that Judge Lee was talking about a moment ago, because he admitted to more than a single offense of marijuana possession. And that was based upon him testifying that he had three uses, one apparently was expunged, we don't contend that, that still leaves two, which is more than the one. And then after he testified, he submitted this later after the fact declaration, he said, oh no, actually that's not true, I was 16. And the immigration judge in his decision walked through, he testified at length about his use when he was 18 years old. He had gone to a rave party, I think it was in Yucca Valley, California. He testified at length about that. And then after the fact, he decided, oh, that's not true, and he submits this affidavit. And so the immigration judge says, you know, that erodes his credibility, it destroys his veracity, and so he didn't believe that, and he had two offenses. Let me ask the question, because as I understand Petitioner's argument, and there's something to it, I mean, there's two ways to interpret that. And one is that the IJ initially found that, dismissed his declaration and found it uncredible, and that seems to be what the BIA is saying below in 2017. Okay, the other way to look at it, which I think Petitioner is arguing, is he didn't really find which one was credible, but he just said, given this conflicting testimony, you can't meet the clear, the higher burden, sorry, the clearly and beyond doubt burden. So I take it your position is, no, the IJ clearly found that the declaration was not credible, and we have to take that, or the BIA had to take that as a finding of fact. Yeah, that's correct, your honor. The IJ made a finding of fact that his after-the-fact declaration contradicting his own testimony made it not credible, and so the immigration judge didn't believe that. That was a finding of fact, and then because the finding of fact that he had the two marijuana offenses makes him statutorily ineligible for the waiver that he was seeking by a preponderance of the evidence. Well, right, but that's sort of the issue, because are you defending the BIA's 2017 decision with regard to the fact that it said, oh, we applied preponderance of the evidence in the 2015 decision? Do you agree with that, or do you think that they applied the wrong law clearly and beyond doubt in the 2015 decision? I think they, no, I believe they applied correctly in 2015 preponderance. I think that they didn't explain it very well the first time around, and this court sent it back to further explain, and as the BIA said in the 2017 decision, you know, to further comply with the court's order and to be very, very clear, we're going to set out the two, the two things that he has to show as an individual seeking adjustment of status. One is the first question that's not really at issue, as your honor pointed out. He has to show that he's not inadmissible, and that's the clearly and beyond doubt, and because a mandatory ground of inadmissibility looks like from the evidence of record it may apply, it then goes, he then has to show by preponderance that it doesn't apply, and that's where we get to the waiver that he is seeking. Right. Can I ask, so on, you know, they say, well, to fully comply with the Ninth Circuit's mandate, we want to address the difference. Does the government agree with the explanation that was given by the BIA that there's a difference between burden of persuasion and burden of production? I mean, I couldn't follow that really well, and I'd be interested in whether the government's position is, I mean, one thing you could say is it doesn't matter, like that's not really relevant here, but do you agree that the BIA addressed this legal question correctly? I do. I mean, I don't know how much it matters, the persuasion production discussion there. I do, you know, as I say, an applicant for adjustment of status always bears the burden of persuasion to show that they are admissible no matter how they're seeking to adjust their status or be admitted there. And again, when they're seeking to be admitted and a mandatory ground may apply, they then have the burden of production to show that it doesn't apply. If they can't show that they're eligible for the relief they're seeking, and here the relief is the 212H waiver, if they can't show the waiver, they're not eligible for the relief that they're seeking. And if they can't qualify for that, they can't show they are not inadmissible, which everyone in seeking adjustment of status has to ultimately show. So the production persuasion language, it's somewhat helpful, it's somewhat garbled, but I think ultimately we get to the same point, where if you can't show by preponderance, which the ward and the IJs said he didn't, but the preponderance for the relief he was seeking. Let's say we don't agree with you that in 2015 it was absolutely clear that the BIA and the IJ applied the preponderance standard. To go back to the question I asked Petitioner's Council, at page four of the 2017 BIA decision on remand, is it enough to just look at that first sentence in the second to last paragraph and that's it? I mean, they're saying, look, can we ignore the first part of it and just look to this and say, that's correct, the IJ found the declaration uncredible and therefore it couldn't meet the preponderance of the evidence. He calls it a burden of production, I don't know if that's correct, but is it okay to just say it didn't satisfy the preponderance of the evidence and that's enough, that's the end of it? Yes, I do think so, your honor. I think they, you can say the immigration judge did look at that affidavit and determined that he was contradicting himself and therefore the IJ didn't know what he, which was true and which was not true. And so because he conflicted himself and had dubious credibility, he couldn't carry his burden by a preponderance to show that he only had one marijuana offense, which is the only way that he could get the waiver. So I think right there, I think that sentence, as your honor keyed in on there, does show that the IJ considered preponderance of the evidence and I think that could be the end all of the analysis on that issue, yes. Mr. Cochran. Yes, your honor. It seems to me that we have two levels of confusion here or two levels of interaction. One is we're trying to understand the interplay of the provisions in the immigration law. The second level, which I think is distinct from that, is we're trying to understand what the BIA actually did and the fact, in other words, what standard they applied. The fact that we've been spending so much time on that, both with the petitioner and with you, isn't that suggestive that at a minimum, it's quite unclear as to the standard the BIA was using? Let me leave it at that. Because when I said leave it at that, the issue of burden of persuasion and burden of production is another level of confusion here. But put that aside. Deal with whether or not the very fact we're talking so much about what in the world did they do suggests we really don't know. Okay. I will confess, yes, it is confusing or slippery, as your honor said, I think, earlier. However, I don't think it's unclear because, as the board mentions in its decision, the burden that has to be shown in immigration proceedings, unless otherwise prescribed, the default is the preponderance of the evidence. And the board cites the matter of ACOSTA, this is on AR5, from 1985. And the fact that the IJ didn't specifically say, we're applying the preponderance of the evidence standard, but the statute, the 1240.8d that they did apply, doesn't prescribe anything different. And so I think because they didn't specifically say that doesn't mean the standard wasn't preponderant. And so I think it is a bit confusing. It would have been helpful if they had specifically said that. In that situation, they didn't say preponderance for like the 1240.8d for the 212H waiver. So I think, if you think about it for a moment, I think that is clear. And then the statute for the admissibility does prescribe a different standard. It does prescribe the individual seeking adjustment status who's assimilated to the position of someone seeking admission in the first place, they have to show clearly and beyond doubt. So this kind of thing goes back to like my verbal flowchart here, where Mr. Gonzalez has to show that he is clearly and beyond doubt not inadmissible. But he has his admitted drug offenses. So a mandatory bar to his admissibility may apply. He then can seek relief. And that's, there's no different standard prescribes. The default in immigration proceedings will be preponderance of the evidence. That relief he was seeking was the 212H. And because he was unable to consistently testify about his usage, the immigration judge found that he was not believable. Therefore, he couldn't meet the preponderance of the evidence standard regarding the 212H, made the decision that he had two admitted marijuana uses, which knocks him out for eligibility for the 212H. Because then the that he's not inadmissible, clearly and beyond doubt. So it kind of goes down the framework and then back up to get to that same point. But I think that that is sort of if you think about the analysis and the sort of the flowchart of the different burdens, and what Mr. Gonzalez had to show, I think you can get to that decision. That's what the board tried to do here in sort of painstaking fashion. Well, the the I think I agree with, if not all of what you've said, there's certainly the beginning of what you've said. And I think that was an excellent distinction in between the two burdens. And that is the not burdens, the the sure the burdens that the degree of proof they have to show the distinction between preponderance clearly beyond doubt. But I don't think at this point, we can say that's exactly what the BIA was doing. I just have trouble figuring out what they would do. I guess that's not a question. It's a statement of frustration. I appreciate that, Your Honor. Well, unless the court has any other questions, I'm happy to rest on the government's brace. Thank you. Very helpful argument. Thank you, Your Honor. Mr. Morrison, you have, we'll give you two minutes for rebuttal. Thank you, Your Honor. Yes, I share the court's frustration as far as how to interpret the the BIA's decisions in these cases. I don't know how you can look at, number one, the immigration judge's decision and find that he applied a preponderance of the evidence standard. I mean, at AR 125 through 126, I mean, he essentially says because petitioner cannot establish that he's clearly and beyond a doubt entitled to be admitted and not inadmissible, he can't qualify for a 212-H waiver. I mean, that's essentially what the immigration judges, what the immigration judge says. It's not just that he omitted a reference to the preponderance of the evidence standard. He affirmatively applies the more stringent standard. And in 2017, the BIA basically does the same thing. So I don't see, despite the very elaborate way that the government outlines as to how to interpret these decisions, I don't see how you get that, you get there without a very strained reading of both the 2015 and 2017 decisions. And, you know, we're left to speculate as to what the BIA was doing when they know very well how to apply the correct standard. They've done so in other cases. And for whatever reason, they didn't do so here. And when you add to the fact that they considered evidence that the immigration judge did not take into consideration, I think combined at least those factors warrant a remand in this case. So for those reasons, your honors, we urge the court to grant the petition for review in this case. And I'll conclude unless there's any other questions. Thank you, counsel. Thank you, both counsel, again, for your arguments and presentations today. The case is now submitted and this panel will be in recess for five minutes and then come back and argue your argument in the final two cases. Thank you. Thank you, your honors. Thank you, your honors. This court is now in recess for five minutes.
judges: Stein, Nelson, Lee